

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 21, 2023

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Center for Biological Diversity, et al. v. U.S. Fish and Wildlife Service, et al.*, 21 Civ. 5706 (LJL)

Dear Judge Liman:

      This Office represents the defendants in the above-referenced matter. We write respectfully as directed by the Court after oral argument on August 18 to provide a list of case citations addressing the appropriate scope of remand, in the event the Court does not uphold FWS's determination on the current administrative record in full. In the following Endangered Species Act cases, the reviewing court remanded to the agency for the limited purpose of clarifying or providing additional explanation as to an element of the agency decision:

- *NRDC v. Coit*, 597 F. Supp. 3d 73, 78 (D.D.C. 2022) (finding "the Service's work to be thorough and, once again, largely unobjectionable," upholding agency's "not warranted" decision except in "two limited respects," and remanding for the "limited" purpose of "further explanation on these two points [a DPS and SPR analysis for the blueback herring population in Southern New England]")

- *Ctr. for Biological Diversity v. Haaland*, 998 F.3d 1061, 1070 (9th Cir. 2021) (reversed "with directions to the district court to remand to the Service to provide a sufficient explanation of its new position");

- *Buffalo Field Campaign v. Zinke,* 289 F. Supp. 3d 103, 112 (D.D.C. 2018) (remanding to FWS instead of directing the agency to perform a 12-month review and noting "on remand the Service may well be able to reach the same outcome" if it "explain[ed] why the evidence supporting the petition is unreliable, irrelevant, or otherwise unreasonable to credit rather than simply pick and choose between contradictory scientific studies");

- *American Forest Resource Council v. Ashe*, 946 F. Supp. 2d 1, 15 (D.D.C. 2013) (remand to the agency for the "limited purpose" of evaluating a scientific proposition, namely, whether murrelets interbreed when mature, because "[t]hat

>task is for the agency, which, unlike the Court or the parties' lawyers, has expertise in biology," and would "give th[e] Court a record on the issue to 'review.'");

- *Wyoming State Snowmobile Ass'n v. USFWS*, 741 F. Supp. 2d 1245, 1267 (D. Wyo. 2010) (remanding only for limited purpose of directing the agency "to consider the full analysis of all the economic impacts" of an exclusion decision under the ESA);

- *Defenders of Wildlife v. Kempthorne*, 535 F. Supp. 2d 121, 124, 126 (D.D.C. 2008) (on remand, agency needed only to address the issue in question as of the time of the challenged decision, rather than as of the time of completion of the remand, having previously remanded for the purpose of clarifying analysis on the question of inadequacy of existing regulatory mechanisms);

- *National Ass'n of Home Builders v. Kempthorne*, No. 00-0903-PHX-SRB, 2007 WL 9724575, at *6 n.5 (D. Ariz. Mar. 12, 2007) (noting limited scope of remand ordered by Ninth Circuit, "which was limited to reassessing the application of the DPS significance criteria to the Arizona pygmy-owl" (cleaned up));

- *Building Industry Ass'n of Superior Cal. v. Babbitt*, 979 F. Supp. 893, 906 (D.D.C. 1997) ("remanded to the FWS for the limited purpose of clarifying or reconsidering this portion [critical habitat designation] of the Secretary's decision").

These cases are consistent with what the D.C. Circuit observed in *Local 814, Int'l B'hood of Teamsters, Chauffeurs, Warehousemen v. NLRB*: "remand for clarification remains a useful and appropriate device for determining that an agency has engaged in reasoned decision making." 512 F.2d 564, 567–68 (D.C. Cir. 1975) (disagreeing with dissent's view that remand "can only produce a post hoc rationalization for the Board's actions").

We thank the Court for its consideration of this letter and for the Court's accommodation regarding undersigned counsel's imminent unavailability.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:  s/ Anthony J. Sun
     ANTHONY J. SUN
     Assistant United States Attorney
     86 Chambers St., 3rd Floor
     New York, New York 10007
     (212) 637-2810

cc:    All counsel of record (by ECF)