CENTER *for* BIOLOGICAL DIVERSITY                    *Because life is good.*

August 21, 2023

**By ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Center for Biological Diversity, et al.* v. *U.S. Fish and Wildlife Service, et al.*,
              21 Civ. 5706 (LJL): 2-Page Letter Providing Caselaw

Dear Judge Liman:

On behalf of the Plaintiffs, we respectfully write to provide supplemental caselaw in support of a request that the Court vacate FWS's unlawful Not Warranted Finding and remand to the agency to issue a new decision within 180 days. We also write to direct the Court's attention to case citations the Court requested to support Plaintiffs' argument regarding FWS's foreseeable future analysis during oral argument.

Vacatur and Remand

"Ordinarily, when an agency violates its obligations under the [Administrative Procedure Act (APA)], the proper course of action is to vacate a judgment and remand to the agency to conduct further proceedings." *Guertin v. United States*, 743 F.3d 382, 388 (2d Cir. 2014). Vacatur is consistent with both the plain language of the APA and the principle that agency action taken in violation of the APA cannot be afforded the force and effect of law. *New York v. U.S. Dep't of Corrections*, 351 F. Supp. 3d 502, 673 (S.D.N.Y. 2019) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 313 (1979)). Courts have long held this to be the appropriate remedy when, as here, an agency violates the law or makes an arbitrary and capricious decision. *Id.* (citing *NRDC v. EPA*, 489 F.3d 1250, 1261 (D.C. Cir. 2007); *Camp v. Pitts*, 411 U.S. 138, 143 (1973)); *see, e.g.*, *Greater Yellowstone Coal., Inc. v. Servheen*, 665 F.3d 1015, 1019 (9th Cir. 2011) (affirming district court's ruling that FWS failed to articulate a rational connection between the data in the record and its determination that whitebark pine declines were not a threat to the Yellowstone grizzly and thus affirming vacatur of the rule); *Nat'l Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553, 557 (D. Vt. 2005) (vacating and remanding a final rule to remove the gray wolf from the list of endangered and threatened species where it did not comply with the ESA or APA); *Defs. of Wildlife v. Babbitt*, 958 F. Supp. 670, 685 (D.D.C. 1997) (setting aside and remanding FWS's decision to not list Canada Lynx as endangered); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 488 F. Supp. 3d 1219, 1233 (S.D. Fla. 2020) (vacating and remanding a not-warranted finding for Florida keys mole skink where the agency's decision was "inadequately explained"); *see also* 87 Fed. Reg. 58,648 (Sept. 27, 2022) (subsequent proposal to list the Florida Keys mole skink as threatened following vacatur).

Arizona • California • Colorado • Florida • N. Carolina • New York • Oregon • Virginia • Washington, D.C. • La Paz, Mexico

BiologicalDiversity.org

This rule is not absolute and may be deviated from in "rare circumstances." *City Club of N.Y. v. U.S. Army Corps of Eng'rs*, 246 F. Supp. 3d 860, 872 (S.D.N.Y. 2017). Although the Second Circuit has not formally adopted it, courts sometimes exercise their equitable authority to consider whether vacatur is warranted using a two-part test outlined in *Allied-Signal v. NRC*, 988 F.2d 146 (D.C. Cir. 1993). Under the *Allied-Signal* test, "[c]ourts authorizing remand without vacatur have done so where the agency shows 'at least a serious possibility that [it] will be able to substantiate its decision on remand' *and* that 'the consequences of vacating may be quite disruptive.'" *New York*, 351 F. Supp. 3d at 673–74 (quoting *Allied-Signal,* 988 F.2d at 151) (emphasis added).

"This is not one of the 'rare circumstances in which a court should deviate from the general rule that vacatur is the appropriate remedy.'" *City Club of N.Y.*, 246 F. Supp. 3d at 872 (quotation omitted). First, Plaintiffs have demonstrated  violations of the APA and Endangered Species Act (ESA) in relation to the unlawful not warranted finding, which warrants vacatur. *See NRDC v. EPA*, 489 F.3d at 1261. Regarding the second *Allied-Signal* factor, FWS is unable to "present[] [any] indication that vacating the [decision] will disrupt enforcement or other agency efforts or create disruptive uncertainty." *NRDC v. U.S. Dep't of the Interior*, 478 F. Supp. 3d 469, 489 (S.D.N.Y. 2020). Because FWS has not yet provided ESA protections to the eastern hellbender, there will be no disruptive consequences of vacating the denial of protection.

Plaintiffs respectfully request that the Court order FWS to issue a new decision regarding whether the hellbender warrants protection under the ESA within 180 days. "The existence of a stay with time limits, rather than an open-ended remand without vacating, will give the agency an incentive to act in a reasonable time, given the other constraints on its resources. When we simply remand the agency has no such incentive." *NRDC v. EPA*, 489 F.3d at 1264.

Foreseeable Future and the Best Available Science

With regard to FWS's arbitrary decision to limit its foreseeable future analysis, Plaintiffs note that "[a]lthough [the Service] is free to choose among experts, it must acknowledge that it is doing so." *Ctr. for Biological Diversity v. Zinke*, 900 F.3d 1053, 1068 (9th Cir. 2018); *see Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (holding agencies must "articulate a satisfactory explanation for its action" in view of available information). The ESA "prohibits [FWS] from disregarding available scientific evidence that is in some way better than the evidence [it] relies on." *Sw. Ctr. for Biological Diversity v. Babbitt*, 215 F.3d 58, 60 (D.C. Cir. 2000); *Survivors v. U.S. Dept. of Interior*, 321 F. Supp. 3d 1011, 1039–40 (N.D. Cal. 2018) (quoting *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014)). Here, as explained in Plaintiffs' briefs, Dkt. 56 at 33–35; Dkt. 67 at 17–19, FWS identified as best available science a 2007 IUCN/SSC report in which 30 experts projected the hellbender's status over the next *75 years*, AR 5318, by citing it extensively in the SSA Report, AR 18, 92, 102, 115, 122, 124–25, 153. Yet FWS limited its analysis to only 25 years without explaining why it chose to ignore the 2007 expert report. AR 8. *Compare Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 488 F. Supp. 3d 1219, 1227–29 (S.D. Fla. 2020) (finding that where the agency had credited a study showing a projected 15% increase in sea level rise, it was arbitrary to rely on a different study that did not account for the 15% increase).

We thank the Court for its consideration of this submission.

Respectfully Submitted this 21st day of August, 2023

*s/ Elise Pautler Bennett*
Elise Pautler Bennett (*pro hac vice*)
(Fl. Bar. No. 106573)
Center for Biological Diversity
PO Box 2155
St. Petersburg, FL 33703
tel: (727) 755-6950
email: ebennett@biologicaldiversity.org

*s/ Brian Segee*
Brian Segee (*pro hac vice*)
(Cal. Bar. No. 200795)
Center for Biological Diversity
660 S. Figueroa Street, Suite 1000
Los Angeles, CA  90017
tel: (805) 750-8852
email: bsegee@biologicaldiversity.org

cc:  **By ECF**
     Counsel of Record